Nicholson, C. J.,
delivered the opinion of the Court.
*815 This bill is filed in this case to enjoin the enforcement of a distress warrant, issued by the corporate authorities of Chattanooga against the First National Bank, for failing to pay a tax of $100, assessed by them on the privilege of banking. The bill was demurred to on several grounds, and the demurrer sustained and the bill dismissed. The National Bank has appealed.
The charter of the City of Chattanooga authorizes its municipal authorities to levy and collect taxes on all privileges taxable by the laws of the State. By section 46 of the act of 1873, chapter 118, it is enacted, “that the occupation and business transactions that shall be deemed privileges, and be taxed, and not pursued or done without license, are the following,” and among others, “banks and banking.” By this enactment, the occupation of banking is forbidden, except upon license issued, and then it becomes a privilege and subject to taxation. If under this act, banking is taxable as a privilege, by the State, then the corporation of Chattanooga had the power to levy the tax complained of.
We think it manifest that it was not the intention of the Legislature to subject the National Banks to taxation for the exercise of the privilege. To constitute a privilege, the occupation or business transactions must be such, that the Legislature could forbid it to be pursued or done, and which could only be pursued or done, under license issued by the authority of the State. The National Banks are authorized to pursue their banking business by virtue of acts of *816 Congress. As the Legislature has no power to prohibit the exercise of the privilege so conferred by Congress, it would seem clear that it was not in their contemplation, to include National Banks among the privileges to be taxed.
It follows that the corporate authorities of Chattanooga had no power to tax the First National Bank as a privilege, and that the distress warrant was illegally issued and is void.
The Bank might have proceeded by certiorari and supersedeas, to have the warrant quashed, but it is well settled that the Chancery Court has jurisdiction, to declare void, judgments rendered without authority and to enjoin process issued thereon.
The decree sustaining the demurrer is sound, and the cause remanded for answer and further proceedings. The costs of the Court will be paid by the defendant.